IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

SHRIJI HOSPITALITY, INC. )
d/b/a RODEWAY INN, )
 )
      Plaintiff, )
 )
vs. ) Case No._____
 )
UNITED SPECIALTY INSURANCE COMPANY ) (Removed from the Circuit Court
and FIRST MERCURY INSURANCE ) for Davidson County, Tennessee at
COMPANY, ) Nashville, Case No: 13C1231)
 )
      Defendants. )

## NOTICE OF REMOVAL OF CIVIL ACTION

Comes now Defendant, United Specialty Insurance Company, ("United Specialty"), by and through its attorneys, ORTALE, KELLEY, HERBERT & CRAWFORD, and for its Notice of Removal of Civil Action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, states as follows:

### Short and Plain Statement of Grounds for Removal

#### I. Background and Parties

1. United is a defendant in a civil action, commenced by Shriji Hospitality, Inc. d/b/a Rodeway Inn, originally filed on March 22, 2013, in the Circuit Court for Davidson County, Tennessee at Nashville, Docket No. 13C1231. True and correct copies of said Summons and Complaint are attached hereto as Exhibit 1.

2. United is a not a citizen of the State of Tennessee. (See Complaint, ¶ 2).

3. First Mercury is not a citizen of the State of Tennessee. (See Complaint, ¶ 3).

4. Plaintiff has brought breach of contract claim against both Defendants for separate contracts.

#### II. Basis for Removal

5. Complete diversity exists in this case.

6. The amount in controversy of exceeds the sum or value of $75,000, exclusive of interest

and costs. Plaintiff's Complaint alleges that Plaintiff seeks "compensatory damages not to exceed $500,000." (See Complaint, ad damnum). Therefore, the amount in controversy in this matter far exceeds Seventy Five Thousand Dollars ($75,000) and thus this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of the receipt "by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). This action is not more than one year old.

8. Pursuant to Rule 28 U.S.C. § 1446(d), Plaintiff will be served with written notice of removal, and a copy of this Notice of Removal will be filed contemporaneously with the Circuit Court for Davidson County, Tennessee.

9. Defendant United Specialty reserves all defenses as to jurisdiction and venue in Tennessee.

WHEREFORE, United Specialty requests that this action be removed from the Circuit Court for Davidson County, Tennessee at Nashville to the Middle District of Tennessee, for all purposes.

Respectfully submitted:

**ORTALE, KELLEY, HERBERT & CRAWFORD**

*Paul Buchanan by Tufe w per.*
Paul M. Buchanan (#10393)
Attorney for Defendant United Specialty Insurance Company
200 Fourth Avenue, North
Third Floor – Noel Place
Post Office Box 198985
Nashville, Tennessee 37219-8985

2

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served, via U.S. Mail, postage pre-paid, on:

J. Brandon McWherter
Chad A. Naffziger
Gilbert, McWherter & Russell
101 North Highland
Jackson, Tennessee 38301
bmcwherter@gilbertfirm.com
cnaffziger@gilbertfirm.com

Parks T. Chastain
E. Jason Ferrell
Brewer, Krause, Brooks, Chastain & Burrow, PLLC
P.O. Box 23890
Nashville, Tennessee 37202-3890
pchastain@bkblaw.com
jferrell@bkblaw.com

on this the 26th day of April, 2013.

Paul M. Buchanan

# EXHIBIT 1

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

FILED
2013 MAR 22 AM 9: 13
RICHARD R. ROOKER, CLERK

SHRIJI HOSPITALITY, INC.
d/b/a RODEWAY INN,

      Plaintiff,

v.

No. 13C1231
JURY DEMANDED

UNITED SPECIALTY INSURANCE
COMPANY and FIRST MERCURY
INSURANCE COMPANY,

      Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Shriji Hospitality, Inc. d/b/a Rodeway Inn (hereinafter the "Insured"), by and through counsel, and respectfully submits the following Complaint against United Specialty Insurance Company and First Mercury Insurance Company:

### PARTIES AND JURISDICTION

1. Plaintiff, Shriji Hospitality, Inc. d/b/a Rodeway Inn is a Tennessee corporation and owns and operates a hotel known as Rodeway Inn located at 311 West Trinity Lane, Nashville, Davidson County, Tennessee.

2. At all times material to this Complaint, Defendant United Specialty Insurance Company (hereinafter "United Specialty") was a foreign corporation engaged in the insurance business in the State of Tennessee.

3. At all times material to this Complaint, Defendant First Mercury Insurance Company (hereinafter "First Mercury") was a foreign corporation engaged in the insurance business in the State of Tennessee.

4. This Complaint originates as the result of covered causes of loss, i.e., hail, wind and water damage, that permanently damaged portions of the insured structure located at 311 West Trinity Lane, Nashville, Tennessee (hereinafter the "Insured Premises") on or about March 2, 2012, or alternatively, June 15, 2011.

5. Jurisdiction and venue are proper in this Court.

## FACTS

6. At all times material hereto, the Insured was a party to an insurance contract whereby United Specialty agreed to insure the Insured Premises and contents located thereon against property damage, being Policy No PGO511000384 ("Policy #1"). Policy #1 had effective dates of October 1, 2011 to October 1, 2012.

7. At all times relevant hereto, the Insured Premises consisted of four buildings and surrounding area on which the Insured operated a hotel known as Rodeway Inn.

8. Policy #1 provided insurance coverage for hail, wind and water damage to the buildings located on the Insured Premises, business personal property, loss of business income and extra expense, effective October 1, 2011. Policy #1 also provided for such other customary coverages as specifically set forth in Policy #1. With respect to the buildings and contents, coverage was issued with the following limits: Building 1 - $550,000.00; Business Personal Property - $105,000.00; Building 2 - $860,000.00; and Business Personal Property - $210,000.00; Building 3 - $782,000.00; and Business Personal Property - $185,000.00; and Building 4 - $627,000.00; and Business Personal Property - $125,000.00.

9. Pursuant to Policy #1, the Insured paid an annual premium to United Specialty in exchange for insurance coverage. The Insured paid the required premiums at all times relevant to this Complaint.

2

10. On or about March 2, 2012, hail, wind and water caused damage to the roofs and other portions of the buildings at the Insured Premises (hereafter the "Loss"). All damage for which recovery is sought herein was caused by covered causes of loss.

11. The Loss was promptly reported to United Specialty.

12 At the request of United Specialty, Haag Engineering inspected the Insured Premises on August 10, 2012, and although acknowledging the Insured Premises incurred covered damages, Haag determined that the damage occurred on June 15, 2011 rather than March 2, 2012.

13. The Insured fulfilled all of the duties after the Loss that were imposed upon it by Policy #1 to the satisfaction of United Specialty.

14. Despite the fact that the Insured has fulfilled all duties imposed upon it by United Specialty and the damage to the Insured Premises is a result of a covered cause of loss that occurred during the effective dates of Policy #1, United Specialty has wrongfully denied the Insured's claim for insurance proceeds, which United Specialty did via letter dated September 28, 2012.

15. United Specialty's refusal to pay the Insured the amounts owed to it as a result of the Loss is without justification and constitutes a breach of contract, all as set forth more fully above and below.

16. United Specialty's refusal to pay the money and benefits due and owing the Insured under Policy #1 has caused the Insured to seek legal counsel and to initiate this litigation to recover the insurance proceeds to which it is entitled.

17. In the alternative, from October 1, 2010 to October 1, 2011, the Insured was a party to an insurance contract whereby First Mercury agreed to insure the Insured Premises

3

against property damage, being Policy No FMPT155075 ("Policy #2"). Policy #2 had effective dates of October 1, 2010 to October 1, 2011. Following the denial by United Specialty and based upon the information in the Haag report that the loss occurred on June 15, 2011, the Insured made a claim with First Mercury under Policy #2.

18. Policy #2 provided insurance coverage for hail, wind and water damage to the buildings located on the Insured Premises, business personal property, loss of business income and extra expense, effective October 1, 2010 to October 1, 2011. Policy #2 also provided for such other customary coverages as specifically set forth in Policy #2. With respect to the buildings and contents, coverage was issued with the following limits: Building 1 - $550,000.00; Business Personal Property - $105,000.00; Building 2 - $860,000.00; and Business Personal Property - $210,000.00; Building 3 - $782,000.00; and Business Personal Property - $185,000.00; and Building 4 - $627,000.00; and Business Personal Property - $125,000.00.

19. Pursuant to Policy #2, the Insured paid an annual premium to First Mercury in exchange for insurance coverage. The Insured paid the required premiums at all times relevant to this Complaint.

20. The Loss was promptly reported to First Mercury after United Speciality denied the original claim and stated to the Insured that the Loss occurred on June 15, 2011, not March 2012.

21. The Insured fulfilled all of the duties after the Loss that were imposed upon it by Policy #2 to the satisfaction of First Mercury.

22. Despite the fact that the Insured has fulfilled all duties imposed upon it by First Mercury and the damage to the Insured Premises is a result of a covered cause of loss that

4

occurred during the effective dates of Policy #2, First Mercury has wrongfully refused to pay the Insured's claim, expecting that United Specialty would pay the claim.

23. First Mercury's refusal to pay the Insured the amounts owed to it as a result of the Loss is without justification and constitutes a breach of contract, all as set forth more fully above and below.

24. First Mercury's refusal to pay the money and benefits due and owing the Insured under Policy #2 has caused the Insured to seek legal counsel and to initiate this litigation to recover the insurance proceeds to which it is entitled.

## CAUSES OF ACTION

### COUNT I – Breach of Contract

#### *Breach of Contract #1: United Specialty*

25. The allegations contained in paragraph 1-24 of this Complaint are incorporated herein by reference as if set forth verbatim herein.

26. The policy issued by United Specialty is a binding contract, and is supported by valid consideration.

27. United Specialty is in total, material breach of Policy #1, and United Specialty is liable to the Insured in the maximum amount allowed by Policy #1 for the Loss. Specifically, United Specialty's breach of contract includes the following, without limitation:

> A. United Specialty's failure and refusal to pay the amounts owed to the Insured under the "Building" coverage afforded by Policy #1; and
>
> B. United Specialty's failure and refusal to pay such other amounts to the Insured as may be required by Policy #1.

5

28. As a result of United Specialty's breach of contract, the Insured sustained substantial compensable losses for the amounts claimed under Policy #1, plus interest thereon, as well as money damages for economic losses, including, loss of income due to damaged hotel rooms that have unable to be rented, and other numerous and assorted incidental and consequential damages.

*Breach of Contract #2: First Mercury*

29. The allegations contained in paragraph 1-28 of this Complaint are incorporated herein by reference as if set forth verbatim herein.

30. In the alternative of the Insured's claims against United Speciality, the policy issued by First Mercury is a binding contract, and is supported by valid consideration.

31. First Mercury is in total, material breach of Policy #2, and First Mercury is liable to the Insured in the maximum amount allowed by Policy #2 for the Loss. Specifically, First Mercury's breach of contract includes the following, without limitation:

  A. First Mercury's failure and refusal to pay the amounts owed to the Insured under the "Building" coverage afforded by Policy #2; and

  B. First Mercury's failure and refusal to pay such other amounts to the Insured as may be required by Policy #2.

32. As a result of First Mercury's breach of contract, the Insured sustained substantial compensable losses for the amounts claimed under Policy #2, plus interest thereon, as well as money damages for economic losses, including, loss of income due to damaged hotel rooms that have unable to be rented, and other numerous and assorted incidental and consequential damages.

6

WHEREFORE, as a result of the foregoing, the Insured would respectfully request that proper process be issued and served on United Specialty and First Mercury requiring it to answer and/or otherwise respond in the time period allotted by law, and that this Honorable Court award a judgment against United Specialty and First Mercury as follows:

   A.   For compensatory damages not to exceed $500,000.00;

   B.   For all costs incurred by the Insured as a result of this action;

   C.   For pre and post judgment interest; and

   D.   For such other further and general leave as this Court deems just and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

GILBERT RUSSELL MCWHERTER, PLC

_____
J. Brandon McWherter (No. 21600)
Chad A. Naffziger (No. 26880)
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
bmcwherter@gilbertfirm.com
cnaffziger@gilbertfirm.com
*Attorneys for the Plaintiff*

**COST BOND**

We stand as sureties for costs in this cause.

GILBERT RUSSELL MCWHERTER, PLC

_____

7

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243

**CERTIFIED**

7012 1010 0002 9224 3992

7012 1010 0002 9224 3992                          3/28/13
UNITED SPECIALTY INSURANCE COMPANY
P O BOX 24622, % TERESA CINELLI
FORT WORTH, TX 76124

FIRST CLASS

APR 03 REC'D

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

March 28, 2013

United Specialty Insurance Company
P O Box 24622, % Teresa Cinelli
Fort Worth, TX 76124
NAIC # 12537

Certified Mail
Return Receipt Requested
7012 1010 0002 9224 3992
Cashier # 8296

Re:   Shriji Hospitality, Inc. V. United Specialty Insurance Company

      Docket # 13C1231

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served March 27, 2013, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Davidson County
    1 Public Square, Room 302
    Nashville, Tn 37219-6303

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

Shriji Hospitality, Inc. d/b/a Rodeway Inn

CIVIL ACTION
DOCKET NO. 13C1231

**Plaintiff**

Vs.

United Specialty Insurance Company and

First Mercury Insurance Company

**Defendant**

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[X] Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 3/22/2013

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | J. Brandon McWherter |
|---|---|
| | Gilbert Russell McWherter PLC |
| | Address |
| | 101 North Highland, Jackson, TN 38301 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20 _____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 _____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

# EXHIBIT 2

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE AT NASHVILLE

| | |
|---|---|
| SHRIJI HOSPITALITY, INC. d/b/a RODEWAY INN, </br></br>Plaintiff, </br></br>vs. </br></br>UNITED SPECIALTY INSURANCE COMPANY and FIRST MERCURY INSURANCE COMPANY, </br></br>Defendants. | No. 13C-1231 |

## NOTICE TO DAVIDSON COUNTY OF REMOVAL

To:  Circuit Court Clerk's Office
     PO Box 196303
     Nashville, TN 37219

**PLEASE TAKE NOTICE THAT,** on April 26, 2013, defendant United Specialty Insurance Company filed in the United States District Court for the Middle District of Tennessee, a Notice of Removal in the above-styled case, Cause No. 13C-1231, pending in the Circuit Court of Davidson County, Tennessee at Nashville. The removal is styled and numbered as shown in the Notice of Removal, of which the Court will please take due notice in accordance with 28 U.S.C. §1332, §1441 and §1446. A true and accurate copy of the Notice of Removal is attached hereto.

Respectfully submitted:

**ORTALE, KELLEY, HERBERT & CRAWFORD**

_Paul Buchanan by CWC w/perm_
Paul M. Buchanan (#10393)
Attorney for Defendant United Specialty Insurance Company
200 Fourth Avenue, North
Third Floor – Noel Place
Post Office Box 198985
Nashville, Tennessee 37219-8985

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served, via U.S. Mail, postage pre-paid, on:

J. Brandon McWherter
Chad A. Naffziger
Gilbert, McWherter & Russell
101 North Highland
Jackson, Tennessee 38301
bmcwherter@gilbertfirm.com
cnaffziger@gilbertfirm.com

Parks T. Chastain
E. Jason Ferrell
Brewer, Krause, Brooks, Chastain & Burrow, PLLC
P.O. Box 23890
Nashville, Tennessee 37202-3890
pchastain@bkblaw.com
jferrell@bkblaw.com

on this the 26th day of April, 2013.

Paul M. Buchanan