IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

SHRIJI HOSPITALITY, INC.
d/b/a RODEWAY INN,

     **Plaintiff,**

v.                                    No. 3:13-CV-00394

UNITED SPECIALTY INSURANCE COMPANY
and FIRST MERCURY INSURANCE COMPANY,

     **Defendants.**

## INTIAL CASE MANAGEMENT ORDER

     A.     JURISDICTION:     The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

     B.     BRIEF THEORIES OF THE PARTIES:

     1)     PLAINTIFF: The Plaintiff had insurance coverage with each Defendant during consecutive years – United Specialty from October 1, 2011 to October 1, 2012 and First Mercury from October 1, 2010 to October 1, 2011. The Plaintiff's insured premises suffered a covered loss on March 2, 2012 or June 15, 2011. Defendants dispute the date of the covered loss and whether the covered loss occurred during their coverage period. Both Defendants have failed and/or refused to pay Plaintiff the amounts due Plaintiff as a result of the loss, and are in breach of contract.

     2)     DEFENDANT UNITED SPECIALTY: United Specialty Insurance Company ("United Specialty") issued a policy of insurance to Plaintiff, being Policy No. GO5110003894. The policy period was October 1, 2011 to October 1, 2012. Plaintiff made a claim for damage to

its property caused by hail. United Specialty investigated the loss and determined that the alleged damage did not occur during the term of the United Specialty policy. The losses claimed by the Plaintiff in this case are not covered under the United Specialty policy pursuant to the exclusions and conditions in the United Specialty policy and specifically because the losses claimed by the Plaintiff did not occur during the policy period. United Specialty therefore cannot be held liable to Plaintiff under the insurance policy. United Specialty also reserves its right to rely upon all other provisions, conditions and exclusions of the policy in the event there a determination that any damage or loss was determined to have been caused during the United Specialty policy period.

3) DEFENDANT FIRST MERCURY: First Mercury Insurance Company ("First Mercury") issued policy number FMPT155075 to Shriji Hospitality, Inc., for the policy period of October 1, 2010 to October 1, 2011. Plaintiff made a claim for damage to its property caused by hail. First Mercury engaged the services of an expert to assist it in determining the cause and extent of any loss. Its expert revealed no hail-related damage to asphalt shingles, small metal roof vents or metal cap flashing. Moderate damage existed to larger roof vents, and only one possible hail impact occurred to the modified bitumen roofing, but remaining damage was due to wear and tear. Based upon the expert's investigation, including an interview of the insured representative, Dean Patel, the roof was damaged on March 2, 2012. Because the claim for loss and damage occurred on March 2, 2012, outside of the First Mercury policy period, coverage does not apply. For this reason, First Mercury cannot be held liable to Plaintiff under the policy of insurance. First Mercury also reserves its right to rely upon all other provisions, conditions and exclusions of the policy in the event there a determination that any damage or loss was determined to have been caused during the First Mercury policy period.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE:
(a) Whether a covered loss occurred, and if so, under which policy the covered loss occurred;
(b) Whether the Defendants are in breach of contract; and
(c) The amount of damages due to Plaintiff.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **August 23, 2013.**

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **March 28, 2014**. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **September 27, 2013**.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **January 10, 2014**. The defendants shall identify and disclose all expert witnesses and reports on or before **February 14, 2014**. Plaintiff shall identify and disclose all rebuttal experts by **February 28, 2014**.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **April 18, 2014**.

J. JOINT MEDIATION REPORT: The parties shall submit a joint mediation report on or before **March 14, 2014**.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or

before **May 30, 2014**. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

    L.    ELECTRONIC DISCOVERY:    The parties have reached agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

    N.    ESTIMATED TRIAL TIME: The parties expect the trial to last approximately **5** days. This trial of this matter should be set after August 1, 2014.

    IT IS SO **ORDERED.**

_____
ALETA A. TRAUGER
U.S. DISTRICT COURT JUDGE

APPROVED FOR ENTRY:

GILBERT RUSSELL McWHERTER PLC


s/ Clinton H. Scott
J. BRANDON McWHERTER (21600)
CLINTON H. SCOTT (23008)
*Attorneys for Plaintiff*
101 North Highland
Jackson, Tennessee 38301
Telephone: (731) 664-1340
Facsimile: (731) 664-1540
bmcwherter@gilbertfirm.com
cscott@gilbertfirm.com


BREWER, KRAUSE, BROOKS,
CHASTAIN & BURROW, PLLC


s/Parks Chastain w/permission by Clint Scott
PARKS T. CHASTAIN (13744)
E. JASON FERRELL (24425)
*Attorneys for Defendant, First Mercury Ins. Co.*
P.O. Box 23890
Nashville, TN 37202
Telephone: (615) 256-8787
Facsimile: (615) 256-8985
pchastain@bkblaw.com
jferrell@bkblaw.com


ORTALE, KELLEY, HERBERT, CRAWFORD


s/Paul M. Buchanan w/permission by Clint Scott
PAUL M. BUCHANAN (010393)
*Attorney for Defendant, United Specialty Ins. Co.*
200 Fourth Avenue North, Third Floor
P.O. Box 198985
Nashville, TN 37219-8985
Telephone: (615) 256-9999 /(615) 780-7477
Facsimile (615) 726-1494
pbuchanan@ortalekelley.com